# ORIGINAL

## In the United States Court of Federal Claims

No. 15-1522C
Filed May 11, 2016
NOT FOR PUBLICATION

**FILED**

**MAY 1 1 2016**

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| TARSHIKA SWEEZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | *Pro Se*; Rule 12(b)(1), Subject-Matter |
| v. | ) | Jurisdiction; *In Forma Pauperis*. |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Tarshika Sweezer*, Chicago, IL, plaintiff *pro se*.

*Michael D. Snyder*, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

### MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I.    INTRODUCTION

Plaintiff *pro se*, Tarshika Sweezer, brought this employment discrimination action against her former employer, the State of Illinois and the United States seeking $36,016,804 in monetary damages. The government has moved to dismiss the complaint for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff has also moved to proceed in this matter *in forma pauperis*. For the reasons set forth below, the Court **GRANTS** the government's motion to dismiss and **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.    Factual Background

Plaintiff *pro se*, Tarshika Sweezer, commenced this employment discrimination action against the United States, the State of Illinois and other private parties on December 15, 2015.  *See generally* Am. Compl.  In the amended complaint, plaintiff alleges that her former employer, Elite Labor Services Leasing LTD ("Elite"), subjected her to a hostile and discriminatory work environment.  *Id.* at ¶12.

In particular, plaintiff alleges that, on or about December 12, 2014, she was "battered by a co-worker" while working on a temporary assignment at the Peacock Manufacturing Company ("Peacock").  *Id.* at ¶14.  Plaintiff further alleges that her supervisors at Elite and Peacock "negligently failed to act pursuant to their own policies" in addressing the alleged battery.  *Id.*

Plaintiff also maintains that the United States is a proper party to this employment discrimination action "by way of the contractual relationship that exists between the State of Illinois and the United States pursuant to Article VI of the U.S. Constitution."  *Id.*  In this regard, plaintiff alleges that the Illinois Department of Employment Security, the Office of the Illinois Attorney General, the United States Equal Employment Opportunity Commission ("EEOC"), and the United States District Court for the Northern District of Illinois have all failed to properly investigate and consider her employment discrimination claims, in violation of the First, Second, Fifth, and Fourteenth Amendments.  *Id.* at ¶¶15, 17-19.

Prior to commencing this action, plaintiff filed several employment discrimination claims related to the factual allegations in the amended complaint with certain state and

---

[1] The facts recited in this Memorandum Opinion and Order are taken from plaintiff's complaint ("Compl. at __"); plaintiff's amended complaint ("Am. Compl. at __"); the government's motion to dismiss ("Def. Mot. at __"); plaintiff's response to the government's motion to dismiss ("Pl. Resp. at __"); and the government's reply in support of its motion to dismiss ("Def. Reply at __").

federal agencies and the federal courts.  Specifically, plaintiff filed an employment discrimination claim with the Illinois Department of Employment Security in January, 2015.  *Id.* at ¶15.  Plaintiff also filed an employment discrimination claim with the Office of the Illinois Attorney General in August 2015.  *Id.* at ¶18.  In May 2015, plaintiff also filed an employment discrimination claim with the EEOC.  *Id.* at ¶17.  These agencies either dismissed or declined to investigate plaintiff's claims.  *Id.* at ¶¶15, 17-19.

Thereafter, on May 19, 2015, plaintiff filed a civil complaint alleging employment discrimination in the United States District Court for the Northern District of Illinois. *Sweezer v. Elite Labor Services, et al.*, No. 15-cv-4395 (N.D. Ill. June 1, 2015).  The district court dismissed plaintiff's complaint for failure to state a claim on June 1, 2015. *Id.*

### B.     Procedural Background

Plaintiff filed the complaint in this matter on December 15, 2015.  *See generally* Compl.  On December 15, 2015, plaintiff also filed a motion to proceed *in forma pauperis*. *See generally* Pl. Mot. To Proceed *In Forma Pauperis*.  On January 22, 2016, plaintiff filed an amended complaint and an amended motion to proceed *in forma pauperis*.[2]  *See generally* Am. Compl.; Pl. Am. Mot. To Proceed *In Forma Pauperis*.  On February 16, 2016, the government filed a motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1).  *See generally* Def. Mot.  On March 10, 2016, plaintiff filed a response to the government's motion to dismiss.  *See generally* Pl. Resp.  On March 23, 2016, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply. The matter having been fully briefed, the Court addresses the pending motion to dismiss.

---

[2] In the amended complaint, plaintiff seeks to add several of her minor children as additional plaintiffs in this matter.  Am. Compl. at ¶¶4-8.

## III.   STANDARDS OF REVIEW

### A.   RCFC 12(b)(1)

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); RCFC 12(b)(1). But, plaintiff bears the burden of establishing subject-matter jurisdiction, and she must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute. . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act, however, is a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan,* 424 U.S. 392, 398 (1976). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States,* 317 F. App'x 979, 981 (Fed. Cir. 2008); (citing *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005)). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted

as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (citing *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

### B. *Pro Se* Litigants

Plaintiff is also proceeding in this matter *pro se*, without the benefit of counsel. And so, the Court applies the pleading requirements leniently. *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 925-26 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)). When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than to plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014).

But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleadings." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing; citations omitted). And so, while "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). Given this, the Court may excuse ambiguities, but not defects, in the complaint. *See Colbert v. United States*, 617 F. App'x 981,983 (Fed. Cir. 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.").

## IV.    DISCUSSION

### A.    The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claims

The government has moved to dismiss this matter for lack of subject-matter jurisdiction upon two grounds.  First, the government argues that the Court does not possess jurisdiction to entertain plaintiff's claims brought pursuant to the Administrative Procedure Act and the United States Constitution, because these claims are not based upon a money-mandating provision of law.  Def. Mot. at 3-4.  Second, the government also argues that plaintiff's discrimination, Administrative Procedure Act and state law claims, as well as any claims against the State of Illinois, are not properly before the Court.  *Id.* at 4.  For the reasons discussed below, the Court agrees that it does not possess subject-matter jurisdiction to consider this matter and dismisses the amended complaint.

### 1.    The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claims Against Parties Other Than The United States

As a threshold matter, this Court may not entertain plaintiff's claims against her former employer or the State of Illinois.  It is well established that the United States is the only proper defendant in cases brought in the United States Court of Federal Claims. *Pikulin v. United States*, 97 Fed. Cl. 71, 75 (2011); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("[T]he *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual." (emphasis in original)).  And so, the Court does not possess jurisdiction to consider claims brought against either private parties or states. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (The Court of Federal Claims "is without jurisdiction of any suit brought against private parties . . . ."); *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) ("This court does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself.").

A plain reading of the amended complaint shows that plaintiff is asserting claims against her former employers–Elite Labor Services Leasing LTD and Peacock

Manufacturing Company—as well as claims against the State of Illinois and its agencies. *See generally* Am. Compl. Because the Court does not possess jurisdiction to consider such claims, the Court must dismiss plaintiff's claims against those entities. RCFC 12(b)(1).

### 2. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Constitutional Claims

The Court is similarly without jurisdiction to entertain plaintiff's constitutional claims against the United States. In the amended complaint, plaintiff alleges violations of Article VI and the Second, Fifth, Ninth and Fourteenth Amendments of the United States Constitution. *See generally* Am. Compl. To pursue her constitutional claims in this matter, plaintiff must identify and plead a money-mandating constitutional provision in the amended complaint. *Cabral,* 317 F. App'x at 981. Plaintiff fails to do so here.

First, with respect to plaintiff's claim based upon Article VI, it is well established that Article VI provides no right to money damages and that this constitutional provision cannot serve as the basis for establishing the Court's jurisdiction. *Marshall v. United States*, No. 09-431C, 2010 WL 125978, at *3 (Fed. Cl. Jan. 14, 2010); *see also Hanford v. United States*, 154 F. App'x 216, 216 (Fed. Cir. 2005). Second, this Court has also long recognized that it does not possess jurisdiction consider claims based upon the Fifth Amendment's Due Process Clause. *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed Cir. 1995).

The Court is similarly without jurisdiction to consider plaintiff's equal protection and due process claims brought pursuant to the Fourteenth Amendment. *Id*. at 1028; *Quailes v. United States*, 25 Cl. Ct. 659, 664 *aff'd*, 979 F.2d 216 (Fed. Cir. 1992). Lastly, plaintiff's claims based upon cursory references to violations of the Second and Ninth Amendments are also jurisdictionally precluded, because she has not shown how these constitutional provisions could be fairly interpreted to be money-mandating. *See e.g. Russell v. United States*, 78 Fed. Cl. 281, 288 (2007) ("plaintiff must establish more than

the mere existence of a statute or constitutional provision to bring himself within the jurisdiction of this court"); *Fisher*, 402 F.3d at 1173 (citing *Mitchell*, 463 U.S. at 217).

Because plaintiff fails to identify a specific, money-mandating provision of the Constitution that would create a right to recover money damages against the United States in this case, she has not met her burden to establish that the Court possesses jurisdiction to consider these claims. And so, the Court must dismiss plaintiff's claims for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### 3.   The Statutes Relied Upon By Plaintiff Do Not Confer Jurisdiction Upon The Court

Finally, the Court is also without jurisdiction to consider plaintiff's claims based upon the Administrative Procedure Act, the federal question statute and the Civil Rights Act, because jurisdiction to consider these claims does not reside with this Court. *See* 5 U.S.C. §§ 701, *et seq.*; 28 U.S.C. § 1331; 42 U.S.C. § 1981. In this regard, it is well settled that claims brought pursuant to these federal statutes may only be brought in a United States district court. *See Vereda, Ltda. v. United States*, 271 F.3d 1367, 1374 n.8 (Fed. Cir. 2001) ("[T]he Court of Federal Claims lacked the general federal question jurisdiction of the district courts, which would have allowed it to review the agency's actions and to grant relief pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701–706."); *Hall v. United States*, 69 Fed. Cl. 51, 56 (2005) ("The United States Court of Federal Claims, however, is not a United States District Court and, therefore, does not have jurisdiction over claims arising under 28 U.S.C. § 1331."); *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005) (the United States Court of Federal Claims "does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts").

Because plaintiff relies upon federal statutes that fall outside of the Court's limited jurisdiction under the Tucker Act, the Court must dismiss plaintiff's claims for want of subject-matter jurisdiction. RCFC 12(b)(1).

**B.     Plaintiff's Motion For Leave To Proceed**
**        *In Forma Pauperis* Satisfies The Statutory Requirement**

Lastly, plaintiff has filed a motion to proceed *in forma pauperis* and plaintiff
requests a waiver of the Court's filing fee.  *See generally* Pl. Am. Mot. to Proceed *In
Forma Pauperis*.  This Court may authorize commencement of a suit without prepayment
of fees when a person submits an affidavit including a statement of all assets, a declaration
that he or she is unable to pay the fees, and a statement of the nature of the action and a
belief that he or she is entitled to redress.  *See* 28 U.S.C. § 1915(a); *see also* 28 U.S.C. §
2503(d).  Due to the Court's summary disposition of this case, and plaintiff's *pro se* status,
the Court finds that plaintiff satisfies the requirements to proceed *in forma pauperis* for the
purpose of resolving the jurisdictional issues raised by the amended complaint.  And so,
the Court grants plaintiff's motion to proceed *in forma pauperis* for this purpose.

## V.     CONCLUSION

In sum, when read in the light most favorable to plaintiff, the amended complaint
clearly demonstrates that the Court does not possess subject-matter jurisdiction to consider
plaintiff's claims.   It is well established that the Court may not consider plaintiff's claims
against the State of Illinois or private parties.  The Court also does not possess subject-
matter jurisdiction to consider plaintiff's claims based upon non-money mandating
constitutional provisions and statutes.  In this regard, plaintiff fails to identify a specific,
money-mandating provision of the Constitution or a federal statute that would create a
right to recover money damages against the United States in this Court.  And so, the Court
must dismiss her claims.

Finally, because of plaintiff's *pro se* status–and plaintitff's representation that she is
unable to pay the Court's filing fee–plaintiff may proceed in this matter *in forma pauperis*
for the limited purpose of resolving the jurisdictional issues raised by the amended
complaint.

And so, for the foregoing reasons, the Court:

(1) **GRANTS** the government's motion to dismiss; and

(2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

The Clerk's Office is directed to **ENTER** final judgment in favor of the government.

No Costs.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge