ORIGINAL

# In the United States Court of Federal Claims

No. 15-1522C
Filed June 16, 2016
NOT FOR PUBLICATION

**FILED**

JUN 1 6 2016

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| TARSHIKA SWEEZER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) RCFC 59(a), Motion for ) Reconsideration; RCFC 60(b), Motion ) for Relief from Judgment. |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) |

*Tarshika Sweezer*, Chicago, IL, plaintiff *pro se*.

*Michael D. Snyder*, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

### I. INTRODUCTION

On June 13, 2016, plaintiff filed a motion ("Pl. Mot."), pursuant to Rules 59(a) and 60 of the Rules of the United States Court of Federal Claims ("RCFC"), seeking relief from judgment and reconsideration of the Court's May 11, 2016 Memorandum Opinion and Order ("May 11, 2016 Decision") granting the government's motion to dismiss this matter for lack of subject-matter jurisdiction. For the reasons set forth below, the Court **DENIES** plaintiff's motion.

### II. LEGAL STANDARDS

In general, Rule 59 addresses the grounds for reconsideration and for a new trial. Specifically, RCFC 59(a) provides, in pertinent part, that:

> The court may, on motion, grant a new trial or a motion for reconsideration on all or some of the issues—and to any party—as follows . . . upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1).

Rule 60 sets forth the grounds for obtaining relief from a judgment or order. In this regard, RCFC 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)   mistake, inadvertence, surprise or excusable neglect;
>
> (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);
>
> (3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)   the judgment is void;
>
> (5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)   any other reason that justifies relief.

RCFC 60(b). In addition, the United States Court of Appeals for the Federal Circuit has recognized subparagraph (b)(6) of Rule 60 to be a "grand reservoir of equitable power to do justice in a particular case," although not a "bottomless" one. *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1295 (Fed. Cir. 2013) (citation omitted). To that end, relief under RCFC 60(b)(6) may be granted "only for exceptional or extraordinary circumstances." *Louisville Bedding Co. v. Pillowtex Corp.*, 455 F.3d 1377, 1380 (Fed. Cir. 2006) (internal citations omitted); *see also Perry v. United States*, 558 F. App'x 1004, 1006 (Fed. Cir. 2014); *Kennedy v. Sec'y of Health & Human Servs.*, 99 Fed. Cl. 535, 548, *aff'd*, 485 F. App'x 435 (Fed. Cir. 2012) (finding that a strict interpretation of the broad text of RCFC 60(b)(6) is necessary to preserve the "finality of judgments," and RCFC 60(b)(6) cannot serve as the grounds to relieve a party from a "free, calculated, and

deliberate choice"). Such exceptional or extraordinary circumstances exist when, absent relief, a "grave miscarriage of justice" would result, and the "substantial rights" of the party would be harmed. *Kennedy*, 99 Fed. Cl. at 548; *see also Dynacs Eng'g Co. v. United States*, 48 Fed. Cl. 240, 242 (2000).

### III.  LEGAL ANALYSIS

Plaintiff has not established that she is entitled to reconsideration of the Court's May 11, 2016 Decision under RCFC 59(a), or to relief from judgment under RCFC 60(b). And so, for the reasons discussed below, the Court denies plaintiff's motion.

#### A. Plaintiff Is Not Entitled To Relief Under RCFC 59

As an initial matter, plaintiff has not established that she is entitled to reconsideration of the May 11, 2016 Decision pursuant to RCFC 59(a). As discussed above, to obtain relief under RCFC 59(a), plaintiff must show that fraud, a wrong, or an injustice has been done to the United States as a result of the Court's decision. RCFC 59(a). Plaintiff makes no such showing here. *See generally* Pl. Mot.

In her motion, plaintiff makes four objections to the May 11, 2016 Decision that appear to relate to jurisdictional issues raised in the government's motion to dismiss. *See generally* Pl. Mot.[1] These jurisdictional arguments were addressed and resolved by the Court in the May 11, 2016 Decision. *See generally* May 11, 2016 Decision. Plaintiff does not demonstrate, or even allege, that any fraud, wrong, or injustice has been done to the United States as a result of the Court's decision to dismiss her claims. *See generally* Pl. Mot.; RCFC 59(a)(1)(C). Rather, plaintiff restates jurisdictional arguments already raised in her opposition to the government's motion to dismiss. Pl. Mot. at 1-3.

---

[1] Specifically, plaintiff challenges the government's assertion that: (1) this Court is "a court of Limited Jurisdiction;" (2) the Court "does not possess jurisdiction to consider Plaintiff(s) claims;" (3) the Court "Does Not Possess Jurisdiction to Consider Plaintiff(s) claims against Parties other than the United States;" and (4) "The Court does not Possess Jurisdiction to Consider Plaintiff(s) Constitutional Claims." Pl. Mot. at 1-3.

3

This Court has recognized that "[r]econsideration of a judgment is not intended to permit a party to retry its case when it previously was afforded a full and fair opportunity to do so." *Ogunniyi v. United States*, 124 Fed. Cl. 668, 670 (2016). Given this, plaintiff has simply failed to demonstrate that she is entitled to any relief under RCFC 59. And so, the Court must deny plaintiff's motion for reconsideration. RCFC 59(a).

### B. Plaintiff Is Not Entitled To Relief Under 60(b)

Plaintiff has similarly failed to show that she is entitled to relief from judgment pursuant to RCFC 60(b). In general, the Court may grant relief from judgment due to, a mistake; newly discovered evidence; fraud; or when a judgment is void, or has been satisfied, released or discharged. RCFC 60(b)(1)-(5). Relief under RCFC 60(b)(6) may also be granted upon other grounds under exceptional or extraordinary circumstances. RCFC 60(b)(6); *Louisville Bedding Co.*, 455 F.3d at 1380. As stated above, plaintiff's motion simply re-states objections to the government's motion to dismiss. *See generally* Pl. Mot. Plaintiff does not, however, alleged or establish that she is entitled to relief from judgment under any of the grounds for relief set forth in RCFC 60(b)(1)-(6). *Id.* And so, the Court must deny plaintiff's motion for relief from judgment. *Kennedy*, 99 Fed. Cl. at 548.

### IV.   CONCLUSION

In sum, plaintiff has not met her burden to show that she is entitled to either reconsideration of the Court's May 11, 2016 Decision or to relief from judgment. And so, for the foregoing reasons, the Court **DENIES** plaintiff's motion.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge